NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 12-4099
_____

UNITED STATES OF AMERICA

v.

ALEXANDER LOPEZ-CINTRON, a/k/a Cain

ALEXANDER LOPEZ-CINTRON,
                                        Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 1-11-cr-00243-001)
District Judge:  Honorable John E. Jones, III

Submitted Under Third Circuit LAR 34.1(a)
June 11, 2013

BEFORE:  McKEE, *Chief Judge*, AMBRO and NYGAARD, *Circuit Judges*

(Filed: June 25, 2013)
_____

OPINION OF THE COURT
_____

NYGAARD, *Circuit Judge.*

        Jennifer P. Wilson, Esq., counsel for Appellant Alexander Lopez-Cintron, has

filed a motion to withdraw from this case and has submitted a brief to support this appeal.

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), counsel argues that there are no non-frivolous issues that can be raised on appeal by Lopez-Cintron, who was given a copy of the motion and the brief with the notice that he could file a pro se brief.  He elected not to do so.

Lopez-Cintron entered into a guilty plea before the District Court to one count of conspiracy to distribute twenty-eight grams and more of cocaine base and cocaine, in violation of 21 U.S.C. § 846.  Lopez-Cintron was assigned a criminal history category of V, and an offense level of twenty-three, which placed his Sentencing Guideline range from 84 to 108 months imprisonment.  After conducting a thorough sentencing hearing, the District Court sentenced Lopez-Cintron to eighty-four months of imprisonment, four years of supervised release, a special assessment, and a $500.00 fine.  He timely appealed.

Under *Anders v. California*, if appellate counsel "finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw.  That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal."  386 U.S. 738, 744 (1967).  "The Court's inquiry when counsel submits an *Anders* brief is thus twofold: (1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any non-frivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

As to the guilty plea, Lopez-Cintron entered into the negotiated agreement knowingly, intelligently, and voluntarily.  The District Court carefully explained to

2

Lopez-Cintron the rights and the ramifications of entering a plea of guilty. The District Court also confirmed that Lopez-Cintron was mentally competent, was not under the influence of any medication or other substance, and that he understood the nature of the proceedings. The record, therefore, clearly supports the finding that Lopez-Cintron made a knowing, intelligent, and voluntary plea.

We likewise see no error in Lopez-Cintron's sentence. The District Court fully complied with Rule 32 of the Federal Rules of Criminal Procedure. Moreover, the District Court identified the correct Guideline range, and examined the relevant sentencing factors under 18 U.S.C. § 3553(a). The District Court ultimately sentenced Lopez-Cintron to the lower end of the Guideline range. We find no error with this sentencing procedure used by the District Court. Any argument that the sentencing process was illegal would be frivolous.

Finally, we have conducted our own independent examination of the record, and conclude that there are no non-frivolous issues that could be raised on appeal. Thus, we will affirm the District Court's judgment of sentence and we will grant counsel's motion to withdraw.

In conclusion, we find that no non-frivolous issues exist for consideration on appeal. We will grant counsel's motion to withdraw, pursuant to *Anders*, and affirm the judgment of the District Court. Counsel is also relieved of any obligation to file a petition for a writ of certiorari in the Supreme Court. *See* 3d Cir. L.A.R. 109.2(b).